UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GARY LEE WILLIAMS,**

           **Plaintiff,**

**v.**                                                  **Case No:  2:13-cv-315-Ftm-38UAM**

**VICKIE LANGFORD, CHUCK
SEXTON, DONALD A. LEAVINS,
WILLIAM BAYSAH, ROBERT KALTER
and BERNARD MOUNT,**

           **Defendants.**
_____/

## ORDER TO AMEND[1]

        This case is before the Court upon review of Plaintiff Gary Lee Williams'

("Plaintiff's") civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1, filed April

22, 2013).  Plaintiff is proceeding *in forma pauperis* (Doc. 14).  After conducting an initial

review of the complaint, Defendant Robert Kalter is dismissed from this action pursuant

to 28 U.S.C. § 1915(e)(2)(B).  In addition, because Plaintiff has not set forth his claims

adequately, he will be required to file an amended complaint should he wish to continue

with this action.

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or
Web sites.  These hyperlinks are provided only for users' convenience.  Users are
cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By
allowing hyperlinks to other Web sites, this Court does not endorse, recommend,
approve, or guarantee any third parties or the services or products they provide on their
Web sites.  Likewise, the Court has no agreements with any of these third parties or their
Web sites.  The Court accepts no responsibility for the availability or functionality of any
hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other
site does not affect the opinion of the Court.

## I.    Complaint

In his amended complaint, Plaintiff generally alleges that on June 28, 2010, his legal materials were confiscated and destroyed by Defendants Vickie Langford, Bernard Mount, Chuck Sexton, Donald A. Leavins, and William Baysah (Doc. 1 at ¶¶ 1-22). Plaintiff asserts that because his materials were destroyed, he was unable to effectively litigate his ineffective assistance of appellate counsel claim in state court (Doc. 1 at ¶ 25). Plaintiff also asserts that Defendant Public Defender Robert Kalter did not immediately respond to letters and otherwise ineffectively represented him on direct appeal (Doc. 1 at ¶¶ 29-42).

Plaintiff seeks compensatory damages of $250,000 from each defendant, punitive damages of $250,000 from each defendant, the costs of his incarceration, and litigation expenses (Doc. 1 at 16).

## II.    Standard of Review

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)    the allegation of poverty is  untrue; or
>
> (B)    the action or appeal-
>
> > (i)    is frivolous or malicious;

> (ii)   fails to state a claim on  which relief may
>        be granted; or
>
> (iii)  seeks monetary relief against a
>        defendant who is immune from such
>        relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327.  In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").  That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level", and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 47 (11th Cir. 2004).  Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

III.   **Analysis**

To state a claim under § 1983, a plaintiff must allege that: (1) a violation of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. *Doe v. Sch. Bd. of Broward County, Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010). Plaintiff asserts that the defendants violated his First Amendment right of access to the court, his Sixth Amendment right to effective assistance of counsel, and his Fourteenth Amendment right to due process of law (Doc. 1 at 15).

### a. Plaintiff has not stated a claim against Defendant Kalter

Plaintiff appears to assert that he was denied due process of law and effective assistance of counsel because his appellate attorney, Defendant Kalter, incorrectly determined that *State v. Smith*, 573 So. 2d 306 (Fla. 1990) did not apply to his case, and as a result, Plaintiff did not prevail on direct appeal (Doc. 1 at ¶ 30). State action is an essential element of a claim under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). A defense attorney, whether court-appointed or privately retained, represents only his client, not the state, and cannot be sued under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, actions taken by defense counsel are not taken under the color of state law. *Id.* Because Defendant Kalter did not act under color of state law, no § 1983 claim is stated against him.

Plaintiff has advanced an "indisputably meritless legal theory" against Defendant Kalter. *Neitzke*, 490 U.S. at 327. Accordingly, Plaintiff's claims against Defendant Kalter are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### b. Plaintiff must amend his claims against the remaining defendants

Upon initial review, the facts giving rise to the remaining claims in Plaintiff's complaint do not appear to be complex.  Plaintiff alleges that the defendants denied him access to the courts by destroying his legal papers.  It appears that Plaintiff further alleges that each defendant engaged in a conspiracy to violate his constitutional rights.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).  The purpose of Rule 8 is to give notice to the other party and not to formulate issues or fully summarize the facts involved. *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 390 (8th Cir. 1968).  The instant complaint violates the requirements and purpose of Rule 8(a).  The complaint is unnecessarily long and complex, and the manner in which it is drafted makes it difficult to review.  Plaintiff's complaint is largely filled with argument, excessive legal jargon, and immaterial factual details which make it difficult to read.  Moreover, Plaintiff's conclusory legal characterizations of defendants' actions render it impossible to discern exactly what each individual defendant is alleged to have done. It is not the duty of this Court to mine a lengthy pleading for the relevant facts necessary to cobble together Plaintiff's claims. District courts, when confronted with a complaint that does not comply with Rule 8(a), have been instructed by the Eleventh Circuit to "intervene at the earliest possible moment in the proceedings and . . . require that the plaintiff re-plead his entire case." *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991).  Accordingly, Plaintiff is ordered to file an amended complaint that complies with Rule 8(a).

In the amended complaint, Plaintiff should **clearly and briefly** set forth the facts in support of his claim and should supply *only* the facts necessary to link the alleged violation of his rights to acts or omissions of the defendants.  Plaintiff should not argue and should not set forth a lengthy description of immaterial facts.  In addition, Plaintiff must not use lengthy legal terms or numerous adjectives in his descriptions of the defendants' actions.  The failure to plead a complaint that complies with Rule 8 after being required to re-plead a complaint, will result in the dismissal of the action under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's order. *Id; see also Hatch v. Reliance Ins. Co.,* 758 F.2d 409 (9th Cir. 1985) (affirming dismissal of pleading that was long, confusing and conclusory).

The allegations of Plaintiff's complaint regarding a conspiracy are insufficient as a matter of law.  In conspiracy actions, more than mere conclusory notice pleading is required.  It is insufficient to simply allege, as Plaintiff has done, that a conspiracy existed. *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984).  To establish a prima facie case of §1983 conspiracy, "a plaintiff must show, among other things, that the defendants reached an understanding to violate [his] rights." *Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (internal quotation marks omitted); *Wilbourne v. Forsyth Cnty. Sch. Dist.,* 306 F. App'x 473, 478 (11th Cir.  2009) ("To prove a § 1983 conspiracy, 'a plaintiff must show that the parties reached an understanding to deny the plaintiff . . . her rights. . . . The linchpin for conspiracy is agreement.'") (quoting *Bailey v. Bd. of Cnty. Comm'rs,* 956 F.2d 1112, 1122 (11th Cir. 1992)).  Here, Plaintiff alleges no specific facts regarding an agreement or understanding among the defendants to violate his rights.  Plaintiff's conclusory assertions of conspiracy, without supporting facts, fail to provide

sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also Gillins v. Watson*, 2009 WL 2868633, at *3 (M.D. Fla. Aug. 31, 2009) ("[T]he naked assertion of a conspiracy without supporting, operative facts establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability.") (internal quotation marks omitted).

Should Plaintiff wish to continue with this action, he must submit an amended complaint on the form provided as an attachment to this Order by the **Clerk of Court**.  In amending, Plaintiff should eliminate all claims against defendants that cannot be satisfactorily pled.   Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place his full name in the style of the case on the first page of the civil rights complaint form.  Further, Plaintiff should write his full name and address in the appropriate sections on pages one and six (and seven, if necessary) of the civil rights complaint form and provide the full name and current address for each Defendant.   Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim."  It is improper for Plaintiff to merely list constitutional rights or federal rights.  Plaintiff must provide support in the statement of facts for the claimed violations. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint.   Plaintiff is warned that the filing of an amended complaint replaces all previous complaints, and claims that are not re-alleged are deemed abandoned. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts."  Although personal participation is not specifically required for liability under § 1983, there must be some causal connection between the defendant named and the injury allegedly sustained.  *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation.  Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

In addition, Plaintiff should be aware that 42 U.S.C. § 1997e(a) and (e) contain several conditions that a prisoner must satisfy before pursuing a civil rights complaint. Specifically, under subsection (a), Plaintiff must fully exhaust all available administrative duties before pursuing a civil rights complaint concerning prison conditions.  Grievances filed by other inmates will not satisfy this condition.   Subsection (e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.  Plaintiff must comply with the requirements of these subsections.

Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.  If attachments are referenced, they must be filed as attachments to the complaint.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**.  The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint.

Plaintiff shall amend his complaint as described above **within TWENTY (20) DAYS** from the date of this Order.  If Plaintiff fails to timely file an amended complaint, or if the complaint fails to comply with the Federal Rules of Civil Procedure, the Court will dismiss the complaint pursuant to Rule 41(b).   After completing the new civil rights complaint form, Plaintiff should mail it to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>defendant</u>.

It is hereby **ORDERED**:

1.      Plaintiff's motion to direct the U.S. Marshal to effectuate service (Doc. 26) is **DENIED** without prejudice.  After the Court has reviewed Plaintiff's amended complaint, a determination will be made as to whether it will direct service of the amended complaint.

2.      Defendant Robert Kalter is dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The **Clerk of Court** is directed to terminate this defendant and to enter judgment in his favor.

3.      Plaintiff shall amend his complaint as described above within twenty days from the date on this Order.  Failure to fully comply with this Order will result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on December 30, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:  OrlP-4  12/30/13
Copies furnished to:
All parties of record
Encl:  Civil Rights Complaint Form