UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY LEE WILLIAMS,

   Plaintiff,

v.           Case No:   2:13-cv-315-FtM-38CM

VICKIE LANGFORD, CHUCK
SEXTON, DONALD A. LEAVINS,
WILLIAM BAYSAH and BERNARD
MOUNT,

   Defendants.

_____/

## OPINION AND ORDER[1]

This matter comes before the Court on the following:

> Defendants' Motion to Dismiss Plaintiff's Second Amended
> Complaint (Doc. 72, filed June 9, 2014); and

> Plaintiff's Response in Opposition to Defendant's Motion to
> Dismiss Plaintiff's Second Amended Complaint (Doc. 74, filed
> July 11, 2014).

Plaintiff, proceeding *pro se*, initiated this action as a prisoner at the South Bay

Correctional Facility in South Bay, Florida by filing a civil rights complaint pursuant to 42

U.S.C. § 1983 (Doc. 1).   Plaintiff's second amended complaint is currently before the

Court (Doc. 71).   In his second amended complaint, Plaintiff sues Vickie Langford, Chuck

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Sexton, Donald Leavins, William Baysah, and Bernard Mount based upon the alleged destruction of his legal materials while he was incarcerated at Hendry Correctional Institution.

Defendants seek dismissal of the second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 72).   Plaintiff has filed a response in opposition to Defendants' motion to dismiss (Doc. 74), and it is now ripe for review.   For the reasons set forth in this Opinion and Order, Defendant's motion is granted in part and denied in part.

## I.   Pleadings

The facts giving rise to Plaintiff's second amended complaint stem from a search for contraband that took place at Hendry Correctional Institution's law library on June 25, 2010.   Plaintiff alleges that Defendant Leavins entered the library and threw "large volumes of boxes containing legal documents into trash bends [sic]." Doc. 71 at ¶ 4. Three days later, Plaintiff reported to his work station and discovered "that all his legal documents, transcripts, records, letters, briefs from his desk were gone." *Id.* at ¶ 7.   The filing cabinets in which Plaintiff kept his legal documents were also gone. *Id.* at ¶ 8.

On June 28, 2010, Defendants Langford, Leavins, Mount, and Sexton entered the law library, and Plaintiff "made a verbal complaint to Defendant Langford about the destruction of his legal documents." (Doc. 71 at ¶ 12).   Defendant Mount told Plaintiff that Defendant Leavins threw away nothing that had been properly stored. *Id.* at ¶ 13.

On June 30, 2010, Plaintiff approached Defendants Langford, Mount, and Sexton again to ask about the destruction of the legal material (Doc. 71 at ¶ 14).   Defendant Sexton told Plaintiff that the material had not been properly stored. *Id.* at ¶ 15.   Defendant Langford told Plaintiff that Librarian Defendant Baysah had authorized the destruction,

but upon inquiry, Defendant Baysah denied the allegation. *Id.* at ¶ 16-17. Defendant Baysah said that Defendants Langford, Sexton, and Mount had ordered Defendant Leavins to search the library and confiscate legal material. *Id.* at ¶¶ 17-19, 22-24.

In June of 2010, Plaintiff's family hired an attorney to raise a belated jury instruction claim in Florida's Third District Court of Appeal (Doc. 71 at ¶ 33). Plaintiff could not raise his "meritorious claim" adequately "because of the legal material that was destroyed by Defendants in this cause." *Id.* at ¶ 42. "[W]ithout ever touching on the merits of [Plaintiff's] constitutional claims, the [state] court has decided to ban [Plaintiff] from any more filing with court in violation of [Plaintiff's] equal protection rights." *Id.* at ¶ 8.

On April 8, 2011, Defendant Leavins retaliated against Plaintiff for filing grievances about the alleged destruction by locking him in administrative confinement (Doc. 71 at ¶ 48). Thereafter, Defendant Leavins entered Plaintiff's cell and confiscated all copies of the grievances he had filed in regards to the destruction of his legal material. *Id.* at ¶ 49.

Plaintiff requests compensatory damages of $250,000 per defendant; punitive damages of $250,000 per defendant; and "costs of incarceration, litigation of this complaint, and all other expenses." (Doc. 71 at 9).

Defendants Langford, Sexton, Leavins, and Mount (collectively, "Defendants") move to dismiss the second amended complaint (Doc. 72, filed June 9, 2014). Defendants assert that: Plaintiff failed to honestly disclose prior federal lawsuits; Plaintiff has not stated a First Amendment claim; and Plaintiff's claims for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e). *Id.* at 3-10.

## II.    Standard of Review

Defendant's motion to dismiss is asserted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 32 at 1). Under this rule, dismissal of a claim is proper if

the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto'." *Alvarez v. Attorney General for Fla.*, 679 F.3d 1257, 1259 (11th Cir. 2012) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

Prior to *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), a court could dismiss a complaint only if it was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). This language as it relates to the Rule 12(b)(6) standard, was expressly rejected in *Twombly* wherein the Supreme Court concluded that a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the causes of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

The Supreme Court reinforced the *Twombly* standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) when it reiterated that a claim is insufficiently pleaded if it offers only labels and conclusions or a formulaic recitation of the elements of a cause of action:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure

> from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678-79 (internal citations, quotations, and punctuation omitted).   In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III.   Discussion

### a.   Plaintiff's failure to disclose his prior cases will not bar the instant action

Defendants assert that Plaintiff's second amended complaint should be dismissed because Plaintiff did not disclose in his first two complaints that he had filed other civil rights cases in federal court (Doc. 72 at 3).   Specifically, Defendants note that Plaintiff checked "no" when questioned on his civil rights complaint form whether he had filed prior federal litigation relating to his imprisonment or to the conditions thereof. *Id*.   However, Plaintiff filed Middle District of Florida cases 8:03-cv-1217-SDM and 8:04-cv-0141-SDM-TGW in which he alleged that his First Amendment rights had been violated when he was prevented from using his religious name while incarcerated. *Id.* at 3-4.

Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint.   See *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); *see also*

*Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [Plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); *Young v. Secretary Fla. for Dept. of Corr.*, 380 F. App'x 939 (11th Cir. 2010) (same).

Plaintiff now asserts that he had no obligation to disclose his prior cases because they occurred more than a decade ago, and they did not deal with the conditions of his confinement (Doc. 74 at 4).   This Court does not agree.   In case number 8:04-cv-141-SDM-TGW, Plaintiff asserted that prison officials refused to use his religious name for "all related prison services." The case proceeded to the summary judgment stage, and summary judgment was granted in the defendants' favor.   The case clearly dealt with the conditions of Plaintiff's confinement, and Plaintiff was obligated to disclose the case on his complaint form, no matter the age of the prior cases.

However, Plaintiff also asserts that the information relating to the above-filed case was destroyed by the very activities that are at issue in the instant complaint (Doc. 74 at 6).   As such, Plaintiff's failure to reveal his prior litigation was allegedly caused, at least in part, by the defendants' own actions.   Therefore, because of the nature of the instant claim, in an abundance of caution, the Court will not dismiss the instant complaint as sanctions for Plaintiff's failure to honestly reveal his prior litigation history.

  **b.**  *Plaintiff's First Amendment claims against Defendants Langford, Mount, Sexton, and Leavins will not be dismissed*

    **1.**  **Access to the courts**

Interference with an inmate's access to the court constitutes a First Amendment violation that is actionable under 42 U.S.C. § 1983. *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds*, 430 U.S. at 825.

The Supreme Court has made clear that a plaintiff who alleges a denial of access to court claim must show how the interference caused the plaintiff harm or prejudice with respect to the litigation. *Lewis*, 518 U.S. at 349-51. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. For example, a plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" *Id.* (quoting *Wolf v. McDonnell*, 418 U.S. 539, 579 (1974)). Moreover, a plaintiff cannot establish injury unless the case that he or she was unable to pursue had arguable merit. *Lewis*, 518 U.S. at 353.

Defendants argue that Plaintiff has not stated a First Amendment interference claim because Florida's Third District Court of Appeal has concluded that none of Plaintiff's post-conviction petitions were meritorious (Doc. 72 at 8). Indeed, Plaintiff has been barred from further *pro se* filings in state court. *Id.* Defendants have attached an August 21, 2013 order from the Third District Court of Appeal which states in part:

    Since 1990, Williams has filed numerous petitions or motions for post-conviction relief stemming from lower tribunal case number 88-33341. In the current appeal, Williams argues his appellate counsel was ineffective for failing to "discover fundamental error in instructing the jury on manslaughter

without . . . defining the terms excusable or justifiable homicide, which, if raised in [the] merits brief, would have resulted in a new trial."   In his response to this court's show cause order, Williams acknowledges "the claim submitted here is successive," but contends, "frivolous it is not[.]"  We disagree.   Were the facts as Williams would have us believe, there indeed might be merit to his argument.   However, they are not.   After careful review of the exhaustive filings by Williams, and after thorough review of the case law, we disagree with Williams' view that this latest proceeding is not frivolous.   In fact, of the multiple cases Williams has filed with this court, none have been found to be meritorious.

* * *

We direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court all further appeals, pleadings, motions, petitions, or other papers to Williams' convictions and sentences in lower tribunal case number 88-33341, unless they are filed by a Florida Bar member in good standing.

Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Williams, pursuant to sections 944.279(1) and 944.28(2)(a), *Florida Statutes (2010). See Pettway v. McNeil*, 987 So. 2d 20 (Fla. 2008).

(Doc. 72-1 at 3-7) (footnote omitted).

Plaintiff now argues that "the case reference[d] by defendants['] counsel **Gary Lee Williams vs. The State of Florida, et al.**, No 3D13-739 *Exhibit A* is **not** the case which was filed by **Attorney Clayton R. Kaieiser** hired by Plaintiff's family in June of 2010." (Doc. 74 at 13) (emphases in original).   Plaintiff further urges that the Third District Court of Appeal's August 21, 2013 order is not at issue in this case and is improperly considered in a motion to dismiss. *Id.*   Plaintiff does not identify or attach the allegedly insufficient pleading or resulting order at issue.

Generally, a court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. Fed. R. Civ. P. 12(b).   A court

may, however, consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the documents are: (1) central to the plaintiff's claim; and (2) undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Defendants' attached document is undisputed because Plaintiff does not challenge its authenticity. *Id.* ("In this context, "undisputed" means that the authenticity of the document is not challenged."). The only issue is whether the document is central to Plaintiffs' claims. Plaintiff argues that the order from the Third District Court of Appeals is not central to his claim and does not reference the subject matter at issue in his failed petition (Doc. 74 at 13). The record before the Court does not support a conclusive finding that the attached order is central to Plaintiff's claim. Accordingly, the document will not be considered at this stage of the proceedings, but may be considered if the defendants file a motion for summary judgment.

Here, Plaintiff's second amended complaint generally alleges that all of his legal documents were confiscated and destroyed by Defendant Leavins at the direction of Defendants Langford, Mount, Sexton, and Baysah (Doc. 71 at ¶¶ 2, 17). Plaintiff asserts that all defendants were informed of Leavins' destruction of his legal material in sufficient time for the material to be retrieved from the trash bins (Doc 74 at 14). Plaintiff alleges that as a result of the destruction, his retained attorney was unable to file a meritorious brief (Doc. 71 at ¶ 72). Plaintiff's second amended complaint contains sufficient allegations to state a First Amendment interference claim against Defendants Leavins, Langford, Mount, and Sexton.[2]   Accordingly, this claim will not be dismissed; however,

---

[2] Multiple attempts have been made to serve Defendant Baysah. *See* Doc. Nos. 37, 67. Plaintiff has been unable to provide the Court with an address, and all attempts to locate this defendant have failed. Doc. 68. On May 15, 2014, Plaintiff was cautioned that his failure to serve Baysah would result in the dismissal of this Defendant under Rule

Plaintiff may seek only nominal damages of one dollar on this claim. *See* discussion *infra* Part III(c).

### 2.    Retaliation

For a prisoner to state a First Amendment retaliation claim under § 1983, the prisoner must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). A prisoner's filing of a grievance concerning his conditions of his imprisonment is protected speech under the First Amendment. *Id.* To prevail, the adverse action that the inmate suffers as a result of the prison official's alleged retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech[.]" *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Plaintiff asserts that as a result of the grievances he filed about the destruction of his legal materials, he was retaliated against by being placed in solitary confinement and transferred to another institution.   Plaintiff's second amended complaint contains sufficient allegations to state a First Amendment retaliation claim against Defendants Leavins, Langford, Mount, and Sexton.   Accordingly, this claim will not be dismissed; however, Plaintiff may seek only nominal damages of one dollar on this claim. *See* discussion *infra* Part III(c).

---

4(m) of the Federal Rules of Civil Procedure. *Id.*   As of the date on this Order, Plaintiff has not provided the Court with a current address for this defendant.   Accordingly, Defendant Baysah will be dismissed from this action without prejudice.

### c. Plaintiff's claims for compensatory and punitive damages are dismissed under *42 U.S.C. § 1997e(e)*

No 42 U.S.C. § 1983 action "may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002) (stating that "to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*"); *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *opinion* vacated by 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir.2000). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. *Al–Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)." *Id.* Rather, all constitutional claims are treated equally. *Id.*

The facts as alleged by Plaintiff in his complaint show that he did not suffer a physical injury from the destruction of his legal materials.[3]  Plaintiff asserts only that he could not raise a meritorious claim in state court "because of the legal material that was destroyed by Defendants in this cause" and that he was locked in solitary confinement

---

[3]  Although section 1997e(e) does not define what constitutes a physical injury, the Eleventh Circuit has concluded that in order to satisfy the statute "the physical injury must be more than *de minimis*, but need not be significant." *Harris*, 190 F.3d at 1286. Plaintiff has alleged <u>no</u> physical injury.

and transferred in retaliation for filing grievances. Even a liberal construction of Plaintiff's second amended complaint does not satisfy the "more than *de minimums* injury" requirement to sustain a claim for compensatory or punitive damages.[4]   Therefore, Plaintiff's request for monetary damages must necessarily be limited to nominal damages as required by 42 U.S.C. § 1997e(e).

Accordingly, Plaintiff's claims for compensatory and punitive damages are dismissed.[5]   However, the Eleventh Circuit has concluded that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek only <u>nominal</u> damages. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003); *Nix v. Carter*, Case No. 5:10–cv–256 (CAR), 2013 WL 432566, at *2 (M.D. Ga. Feb. 1, 2013) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.") (citing *Hughes*, 350 F.3d at 1162).

Nominal damages do not generally exceed one dollar.   Therefore, the Court cannot construe Plaintiff's $250,000 damages requests as a request for nominal damages.   Liberally construed, however, Plaintiff's second amended complaint may state a claim for nominal damages because he asked for "all other expenses." (Doc. 71 at 9).   Therefore, Plaintiff may seek token damages of <u>one dollar</u> on this claim. *See Carey*

---

[4]  Plaintiff does not avoid the statutory bar of § 1997e(e) merely because he didn't specifically allege an "emotional" injury.   The words "mental" and "emotional" do not have "talismanic significance in prisoner pleadings" and Plaintiff cannot avoid § 1997e(e)'s bar merely by remaining silent on the nature of his injury. *Al-Amin*, 637 F.3d at 1197 n. 5.

[5]  Plaintiff's request for costs of incarceration is also dismissed. *See* Florida Statute § 960.93(2)(a) (if a prisoner is convicted for a capital or life felony, "the convicted offender is liable for incarceration costs and other correctional costs in the liquidated damage amount of $250,000.").

*v. Piphus*, 435 U.S. 247, 266–67 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); *Harrison v. Myers*, Case No. 10–0566–KD–N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling).

## IV.    Conclusion

Accordingly it is hereby **ORDERED**:

1.      Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 72) is **GRANTED** to the extent that all of Plaintiff's claims for compensatory or punitive damages are **DISMISSED** pursuant to 42 U.S.C. § 1997e(e). Otherwise, the motion is **DENIED**.

2.      Defendant Baysah is dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

3.      The remaining defendants shall file an Answer and Affirmative Defenses within **TWENTY-ONE (21) DAYS** from the date on this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of January, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Gary Lee Williams
Counsel of Record